UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAMON F. DANNY, JR.,

       Petitioner,

vs.                                 Case No. 3:13-cv-712-J-39PDB

SECRETARY, DOC,
et al.,

       Respondents.

---

**ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on June 15, 2013.[1] He challenges his 2010 Clay County conviction for lewd or lascivious molestation of a child under twelve years of age.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations. The statute provides:

---

[1] The Petition was filed with the Clerk on June 18, 2013; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (June 15, 2013). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. <u>See</u> Respondents' Motion to Dismiss Petition for Habeas Corpus as

Untimely (Response) (Doc. 15). In support of their contention, they have submitted exhibits.[2] See Exhibits (Doc. 15). Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Order (Doc. 7). Petitioner filed a Reply to Dismiss Petition as Untimely (Reply) (Doc. 16).

Petitioner was charged by information with lewd or lascivious molestation of a child under twelve years of age. Ex. A at 19. Petitioner entered into a guilty plea with a negotiated sentence of ten years to be followed by ten years of sex offender probation, with a waiver of the twenty-five year minimum mandatory term. Ex. B at 23-29. Petitioner acknowledged that he understood that he would be designated a sexual predator. Id. at 24. Petitioner signed the plea agreement on September 8, 2010. Id. at 28. The judgment and sentence was entered on September 9, 2010. Ex. C at 35-40. The court entered an order designating Petitioner as a sexual predator on September 15, 2010. Id. at 46. Petitioner did not timely appeal. Therefore, his conviction became final on Tuesday, October 12, 2010, when the time to appeal expired.[3]

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex." The Court will reference the page numbers assigned by the electronic filing system.

[3] Respondents contend that the conviction became final on October 9, 2010 (Saturday) and the limitation period began running October 10, 2010 (Sunday). Response at 4. Because October 9, 2010 fell on a Saturday, the Court gives Petitioner the benefit of three additional days to file - until Tuesday, October 12, 2010, as

Petitioner filed a Petition for Writ of Habeas Corpus seeking a belated appeal, addressed to the First District Court of Appeal, but apparently filed in the state circuit court on Friday, February 18, 2011.  Ex. D at 48-50.  On March 3, 2011, the circuit court denied the petition.  Id. at 52-53.  On March 11, 2011, Petitioner filed a Motion to Quash/Petition for Writ of Prohibition, or in the Alternative, Petition for Writ of [sic] Qua Warranto with the First District Court of Appeal.  Ex. E at 55-65.

Meanwhile, on March 16, 2011, the First District Court of Appeal notified the parties that a petition (filed February 18, 2011 with the benefit of the mailbox rule) would be treated as a petition seeking a belated appeal pursuant to Florida Rules of Appellate Procedure 9.040(c) and 9.141(c).  Ex. F at 72.  The First District Court of Appeal, on March 30, 2011, granted Petitioner's motion to quash the circuit court's order and stated that "[a]n order on the merits of the petition for belated appeal will issue by this court on a future date."  Ex. E at 66.

On April 15, 2011, the First District Court of Appeal relinquished jurisdiction to the trial court to appoint a special master; conduct an evidentiary hearing, if warranted; and issue a written report and recommendation concerning entitlement to a belated appeal.  Ex. G at 77-78.  On April 28, 2011, the state

---

Monday, October 11, 2010 was a federal holiday (Columbus Day).

requested a hearing. Id. at 83. After conducting an evidentiary hearing, the Special Master, on September 23, 2011, issued a Special Master's Report and Recommendation on Petitioner's "Petition for Writ of Habeas Corpus" (Report). Ex. H.

In the Report, the Special Master noted that a request for a belated appeal is considered a petition filed pursuant to Florida Rule of Appellate Procedure 9.141(c), citing Murray v. Regier, 872 So.2d. 217, 225 (Fla. 2002). Ex. H at 90. Although Petitioner testified that he wrote one letter to his counsel stating that he desired to withdraw his plea and seek an appeal, his trial counsel, Michelle Taylor, testified that she did not receive any letter or communication from Petitioner requesting that she take any action on his behalf. Id. at 91. The Special Master found Ms. Taylor more credible than Petitioner, as Petitioner, in his petition stated that he made several requests to the public defender's office, but at the hearing, he attested that he sent one letter and never followed-up on the letter. Id. at 92. The Special Master recommended the denial of the petition, finding Petitioner did not timely request counsel to file a notice of appeal or request that any action be taken on his behalf. Id. at 92. The First District Court of Appeal, on October 19, 2011, denied the petition seeking a belated appeal on its merits. Ex. I; Danny v. State, 72 So.3d 750 (Fla. 1st DCA 2011) (per curiam).

Petitioner, on September 17, 2011, pursuant to the mailbox rule, filed a Motion for Post Conviction Relief in the circuit court. Ex. K at 106-113. The circuit court denied the motion on March 6, 2012. Id. at 146-49. On August 6, 2012, the circuit court entered an order denying rehearing. Id. at 30-32. Petitioner appealed. Id. at 51. The First District Court of Appeal affirmed per curiam on October 17, 2012. Ex. L at 55. The appellate court denied rehearing. Ex. M at 57. The mandate issued on November 14, 2012. Ex. N.

Petitioner filed a second Rule 3.850 motion on January 3, 2013. Ex. P. The circuit court denied the motion as untimely, procedurally barred, frivolous, and an abuse of process. Ex. Q at 120-23. Petitioner did not appeal.

The Petition, filed June 15, 2013, is due to be dismissed as untimely unless Petitioner can avail himself of one of the statutory provisions which extends or tolls the limitations period. The one-year limitations period was tolled until Tuesday, October 12, 2010, when the time for appealing his conviction expired. See Rule 9.140(b)(3), Fla. R. App. P.; Gust v. State, 535 So.2d 642, 643 (Fla. 1st DCA 1988) (holding that, when a defendant does not file a direct appeal, the conviction becomes final when the thirty-day period for filing a direct appeal expires).

Upon consideration, the one-year limitations period in Petitioner's case began to run on Wednesday, October 13, 2010. It

ran for 339 days until the filing of Petitioner's first Rule 3.850 motion on Saturday, September 17, 2011. Ex. K. This motion tolled the federal one-year limitations period through the date mandate issued on Wednesday, November 14, 2012. Ex. N. The one-year limitations period began to run on Thursday, November 15, 2012, and it expired twenty-six days after the mandate issued. Thus, the one-year period expired on Tuesday, December 11, 2012.

Although Petitioner, on February 18, 2011, filed a request for a belated appeal, Ex. F, the request was denied and the court did not in fact reopen direct review. Ex. I. See Jimenez v. Quarterman, 555 U.S. 113, 120 n.4 (2009) (finding where a state court reopens direct review, the conviction is rendered nonfinal for purposes of 28 U.S.C. § 2244(d)(1)(A)). This Court has held that "pending belated appeals do not toll the statute of limitations unless they are granted." Williams v. Sec'y, Dep't of Corr., No. 8:11-CV-1913-T-30AEP, 2012 WL 3143847, at *1 (M.D. Fla. Aug. 1, 2012) (not reported in F.Supp.2d) (citing Williams v. Crist, 230 F. App'x 861, 862 (11th Cir. 2006)). See also Clark v. Sec'y, DOC, No. 3:11-cv-878-J-39JRK, 2014 WL 1389577, at *2 (M.D. Fla. Apr. 9, 2014) (not reported in F.Supp.2d) (finding the petition for belated appeal that was ultimately denied did not toll the limitations period).

In Wilson v. Sec'y, Dep't of Corr., No. 8:07-cv-1579-T-17EAJ, 2008 WL 2131610, at *3 (M.D. Fla. May 21, 2008), this Court

7

provided an in-depth explanation as to why the Court determined that a grant of a belated appeal, not the application for such out-of-time review, is the event which triggers appellate review. In Florida, a petition for a belated appeal is an original proceeding under Rule 9.100, and it "does not entail direct or collateral review of a judgment of conviction or sentence in Florida."[4] Id. (footnote omitted). Thus, a petition raised pursuant to Rule 9.141(c), Fla. R. App. P., "does not qualify as a statutory tolling application under § 2244(d)(2)." Wilson, at *3.

Because Petitioner's petition for belated appeal was denied by the First District Court of Appeal, the state court never in fact reopened direct review, and the conviction was never rendered non-

---

[4] The Court recognizes that the United States District Court for the Northern District of Florida has taken the opposite position, finding that a petition for belated appeal tolled the limitations period even though the petition for belated appeal was ultimately denied. Patrick v. McDonough, No. 4:06cv543-SPM/WCS, 2007 WL 3231740, at *9-11 (N.D. Fla. Oct. 29, 2007) (adopting magistrate judge's report and recommendation). The Eleventh Circuit has not addressed this particular question. Although Petitioner references Clarke v. Dep't of Corr., 566 F.3d 1278, 1279 (11th Cir. 2009) (per curiam), in Clarke, the petition for belated appeal was ultimately granted. Thus, Clarke is distinguishable from the case at bar. Petitioner also relies on Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383-84 (11th Cir. 2006) (per curiam), but Cramer concerned whether the time during which a petitioner could have appealed the trial court's order denying a Rule 3.800(a) motion should be tolled. For Petitioner, this Court has given him the benefit of the period of time that he could have filed a direct appeal in calculating the one-year limitations period. Thus, he has already received the benefit of this calculation in determining whether his federal habeas petition is timely filed under AEDPA.

final for purposes of § 2244(d)(1)(A). Thus, the petition for belated appeal did not toll the limitations period.

Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. It has been established that "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). As recently provided by the Eleventh Circuit:

> Because "the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar," the Supreme Court has held § 2244(d) "does not bar the application of equitable tolling in an appropriate case." San Martin, 633 F.3d at 1267 (citing Holland v. Florida, 560 U.S. 631, 645, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, 130 S.Ct. at 2562 (internal quotation marks omitted). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 477 (11th Cir. 2014) (internal quotation marks omitted).

Cole v. Warden, Ga. State Prison, No. 13-12635, 2014 WL 4958079, at *5 (11th Cir. Oct. 6, 2014).

The burden lies directly on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence. Also, this high hurdle will not be

easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). Petitioner has not met the burden of showing that equitable tolling is warranted in this case. Indeed, he has not shown rare and exceptional circumstances which warrant the application of equitable tolling.

Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. He had ample time to exhaust state remedies and prepare and file a federal petition. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Petition for Habeas Corpus as Untimely (Doc. 15) is **GRANTED**, and this case is **DISMISSED with prejudice**.

2. The **Clerk** shall enter judgment dismissing this case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[5] Because this Court

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of October, 2014.

_____
BRIAN J. DAVIS
United States District Judge

sa 10/21
c:
Ramon F. Danny, Jr.
Ass't A.G. (McCoy)

---

constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.